# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7769 | **DATE** | 12/1/11 |
| **CASE TITLE** | Samuel James (#2011-0823136) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is denied without prejudice to him submitting a completed application. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint. To proceed with this case, Plaintiff must, within 30 days of the date of this order, (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint in accordance with this order. Plaintiff's failure to comply with this order will result in summary dismissal of this case. Plaintiff's motions for the appointment of counsel [4], [5] are denied without prejudice. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

    Plaintiff Samuel James, currently incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 complaint asserting that he was confined at the jail from August 11, 2009, to August 23, 2010, on false charges of robbery, for which he was acquitted. He seeks to file his complaint *in forma pauperis*.

    Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis*. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. This Court requires that inmates seeking leave to file *in forma pauperis* file their motions on a prescribed form. Local Rule 3.3. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for the Court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. Plaintiff's *in forma pauperis* application does not include a copy of his trust fund account statement.

    Additionally, preliminary review, *see* 28 U.S.C. § 1915A, reveals that Plaintiff's complaint cannot proceed as currently drafted. Plaintiff asserts that he was falsely arrested, falsely imprisoned, and wrongfully prosecuted between August 2009 - August 2010. These dates indicate that his claims false imprisonment (the time he was in custody prior to a hearing or other determination of probable cause) and false arrest arose sometime around August 2009, more than two years before he filed the instant case. *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Parish v. City of Elkhart*, 614 F.3d 677, 681-82 (7th Cir. 2010) (claim of false imprisonment ends when an individual is confined pursuant to legal process); *see also Brooks v. City of Chicago*, 564 F.3d 830, 831 (7th Cir. 2009) (claims of false arrest and false imprisonment have a two-year limitations period in Illinois), citing 735 ILCS 5/13-202.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Accordingly, Plaintiff must indicate to the court when he was arrested, as well as, if he knows, when there was a hearing or other state proceeding that determined the existence of probable cause to hold him prior to his trial in 2010. The current complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that provides such information about when he was arrested and incarcerated prior to a probable cause determination. Plaintiff is given 30 days from the date of this order to file an amended complaint that complies with this order. His failure to comply will result in the summary dismissal of this case. The clerk shall forward to Plaintiff an amended complaint form.

      Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint and not any prior pleadings when determining what Plaintiff's claims are and the Defendants to this case. Also, Plaintiff is advised that he must submit a judge's copy of the amended complaint, as well as a service copy for each named Defendant.

      If Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint providing the information requested above. Failure to comply with this order within 30 days will result in dismissal of this case. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.

      Plaintiff's motions for the appointment of counsel are denied without prejudice. This case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed competently with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).